| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for TIAA, FSB, FORMERLY KNOWN AS EVERBANK | Order Filed on May 21, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Hudy Muldrow Jr.<br><br>Debtor. | Case No.: 19-14926 VFP<br>Adv. No.:<br>Hearing Date: 5/16/19 @ 8:30 a.m.<br><br>Judge: Vincent F. Papalia |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: May 21, 2019**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Page 2
Debtor: Hudy Muldrow Jr.
Case No.: 19-14926 VFP
Caption: **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Attorneys for TIAA, FSB, FORMERLY KNOWN AS EVERBANK, holder of a mortgage on real property located at 346 -348 Hamilton Avenue, Paterson, NJ, 07522, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Walter D. Nealy, Esquire, attorney for Debtor, Hudy Muldrow Jr., and for good cause having been shown;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by 7/12/19, or as may be extended by an application to extend the loss mitigation period; and

It **ORDERED, ADJUDGED and DECREED** that Debtor is to make post-petition payments outside of the plan in accordance with the terms of the loss mitigation order while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** the trustee is not to pay the post-petition arrears while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.